CHICAGO—FIRST DISTRICT—APRIL, 1916.    505

Bradford & Co., Inc. v. U. S. Tent & Awning Co., 198 Ill. App. 505.

## Bradford & Company, Inc., Appellee, v. United States Tent & Awning Company, Appellant.

### Gen. No. 21,964.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Action by Bradford & Company, Inc., plaintiff, against United States Tent & Awning Company, defendant.

The affidavit of meritorious defense was on motion of plaintiff stricken from the files, and a judgment, as in cases of default (the damages being assessed by a jury under the instructions of the trial judge), entered in favor of plaintiff for $3,508.03, and defendant appeals.

Plaintiff contended that the contract was one of sale, and defendant that it was a consignment contract, and that under the contract it acted as plaintiff's factor and that the title to the goods remained in plaintiff.

The material parts of the contract were that defendant was to handle the entire line of pillow tops manufactured by plaintiff "on a consignment basis" subject to a five per cent. return. Prices were stated which were to be paid by defendant to plaintiff as soon as money was received by defendant from purchasers; that "a full settlement is to be made November 1, 1914, for all stock on hand or in transit in excess of five per cent. of the total shipments, said five per cent. to be subject to" (plaintiff's) "disposition and to be in first class merchantable condition as originally shipped." Defendant bound itself not to sell the goods for less than fifteen cents advance on the prices fixed. It was

not disputed under this contract that defendant received from plaintiff pillow tops to the value of $6,207.69, or that defendant was entitled to a credit of $2,689.66, which included goods returned of the value of $324.50.

LITZINGER, McGURN & REID, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 221*—*when assessment by jury unnecessary.* Where defendant's affidavit of meritorious defense is stricken from the files on plaintiff's motion, assessment of damages by the jury is not necessary unless requested, the sworn statement of claim being sufficient from which to make such assessment.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what procedure proper where affidavit of defense stricken.* Where defendant's affidavit of meritorious defense is stricken from the files on plaintiff's motion, the cause should proceed on the assessment of damages as in cases of default, defendant not being entitled to read its affidavit of defense to the jury but only to cross-examine plaintiff's witnesses in diminution of damages.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what effect of striking affidavit of defense.* Under the practice in the Municipal Court of Chicago, a motion to strike the affidavit of defense is tantamount to a demurrer to defendant's pleading and, when sustained, so far puts defendant out of court that he can only cross-examine witnesses for the purpose of minimizing damages.

4. CONTRACTS, § 171*—*what rule of construction.* In construing a contract, all of its parts must be considered.

5. CONTRACTS, § 181*—*when intent of parties controlling.* The designation which the parties to a contract give to it are not binding upon the court in construing it, but its character and the rights of the parties may be determined by ascertaining the intention of the parties from all the language used in the contract.

6. SALES, § 3*—*when contract one of sale and not consignment contract.* In an action on a contract, terms of contract examined and contract *held* to be one of sale and not a consignment contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.